# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

SAMUEL BINGAMAN, individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

AVEM HEALTH PARTNERS, INC.,

    Defendant.

Case No. CIV-23-130-SLP

## **O R D E R**

Before the Court is Plaintiff's Unopposed Motion to Consolidate Cases [Doc. No. 23]. Plaintiff has also filed a Memorandum of Law in Support [Doc. No. 24].[1] Defendant has filed a Response [Doc. No. 31] and does not oppose the requested relief. The parties seek consolidation of this action with a related action pending in this judicial district, *Rosalie Dupus v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (the *Dupus* Action).

The parties seek consolidation pursuant to Fed. R. Civ. P. 42(a)(2) which permits consolidation of actions that "involve a common question of law or fact." *Id*.

---

[1] Plaintiff states that the Motion is "unopposed" by the plaintiff in a related action, *Dupus v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (W.D. Okla.). Plaintiff does not state whether Defendant opposes the requested relief, even though the Court struck a prior motion because it failed to state whether Defendant opposed the requested relief. *See* Order [Doc. No. 22]. Because Plaintiff again failed to state whether Defendant opposed the requested relief, the Court directed Defendant to file a response. *See* Order [Doc. No. 28]. In its Response, Defendant represents that it does not oppose the Motion. As this case proceeds, the Court expects the parties to better communicate with one another. The multiple rounds of filings related to the request for consolidation were clearly avoidable. The Court admonishes the parties that needless expenditure of the Court's and the parties' resources will not be tolerated going forward.

Consolidation is an administrative device "used for convenience to accomplish those judicial considerations of judicial economy and fairness." *Wu v. Bernhardt*, 820 F. App'x 669, 671 (10th Cir. 2020) (cleaned up). Cases consolidated under Rule 42(a) retain their independent character; consolidation does not merge separate suits into one cause of action. *Id*. Whether to permit consolidation is a matter of the district court's discretion. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

The Court finds this action and the *Dupus* Action arise out of the same alleged data breach and, as more fully set forth in Plaintiff's Memorandum of Law, that there are issues of law and fact common to both cases. Under these circumstances, consolidation avoids duplication of efforts and promotes efficiency. Thus, in the exercise of its discretion, the Court finds the actions should be consolidated.

IT IS THEREFORE ORDERED that Plaintiff's Unopposed Motion to Consolidate Cases [Doc. No. 23] is GRANTED IN PART and DENIED IN PART. The Court GRANTS Plaintiff's Motion to the extent it seeks consolidation with Case No. CIV-23-134. The Court DENIES Plaintiff's Motion to the extent Plaintiff requests that the Court further consolidate any "future related actions that may be filed" in Case No. CIV-23-130 under the new caption "*In re Avem Health Partners, Inc. Data Breach Litigation*." See Pl.'s Mot. at 1.[2]

---

[2] Plaintiff's counsel made a similar request in a case pending in the United States District Court for the Northern District of Oklahoma, *Kathy Deevers v. Wing Financial Services, LLC*, No. CIV-22-550-CVE-JFJ. The Court finds Judge Eagan's comments equally applicable here:

> To the extent that parties ask the Court to change the case caption to: "In re Wing Financial Data Breach Litigation," the Court notes that this is not multidistrict

2

IT IS FURTHER ORDERED as follows:

1) Case Nos. CIV-23-130 and CIV-23-134 are consolidated in their entirety.

2) All future filings shall be made only in the lower-numbered action, CIV-23-130 and the following caption shall be used:

| | |
|---|---|
| SAMUEL BINGAMAN, individually and on behalf of all similarly situated persons, )<br>)<br>Plaintiff, )<br>)<br>and )<br>)<br>ROSALIE DUPUS, individually )<br>and on behalf of all similarly situated persons, )<br>)<br>Consolidated Plaintiff, )<br>)<br>v. )<br>)<br>AVEM HEALTH PARTNERS, INC., )<br>)<br>Defendant. ) | Case No. CIV-23-130-SLP<br><br><br><br><br><br>Consolidated with:<br>Case No. CIV-23-134-SLP |

3) The Clerk of Court is directed to file this Order in Case No. CIV-23-134 and administratively close that case.[3]

---

litigation (MDL). If the parties intend to seek MDL status, they are advised they should follow the appropriate rules and procedures for multidistrict litigation under 28 U.S.C. § 1407 and the Judicial Panel for Multidistrict Litigation. The Court also declines to adopt the additional filing procedures requested in plaintiffs' motion for any additional putative class actions that may be filed, and the parties are advised that the Court Clerk is not obligated to follow the notice procedures proposed by the parties.

*See id.,* March 1, 2023 Order [Doc. No. 17].

[3] This routine practice of the Court is a matter of administrative convenience so that the Clerk need not maintain two files and no party (or the Court) need make duplicate filings. The administrative closing does not prejudice the right of any party to raise any issue in the consolidated action that was available to that party in the separate case.

IT IS SO ORDERED this 29th day of March, 2023.

                                                SCOTT L. PALK
                                                UNITED STATES DISTRICT JUDGE